HENRY HAYS, for the use of David Miller, appellant, *v.* UPTON SMITH, appellee.

*Appeal from Madison.*

A party cannot assign for error that the Court below permitted a witness to answer certain questions which were objected to, unless the bill of exceptions shows what were the answers to the questions.

Where a sale of land is made in payment of a debt, without any fraud on the part of the vendor, a failure of title cannot be set up to avoid the payment. The remedy of the vendee, if any, is upon the covenants in his deed; and in such case title cannot be shown by parol, to be out of the vendor, and in a third person.

Under a plea of payment, a defendant may, by showing partial payment, defeat a recovery *pro tanto.*

THIS cause was heard in the Court below, at the October term, 1833, before the Hon. Theophilus W. Smith and a jury.

JAMES SEMPLE, for the appellant.

J. B. THOMAS, for the appellee.

TREAT, Justice, delivered the opinion of the Court:

Hays, for the use of Miller, sued Smith in the Madison Circuit Court. The declaration is in *debt*, on the record of a judgment. Pleas, *nul tiel record* and payment; issue thereon. The Court heard the issue on the plea of *nul tiel record*, and found it for the plaintiff. The issue on the other plea was submitted to a jury, who returned a verdict for the defendant, on which the Court gave judgment. A bill of exceptions shows, that on the trial of the issue, before the jury, the defendant called several witnesses, and asked them certain questions, to the answering of which the plaintiff objected, but his objection was overruled. The answers of the witnesses are not set forth. The plaintiff offered to prove, by a witness, that the defendant had no title to the land, which, it was alleged, the plaintiff had received in payment of the judgment, but that the title was in a third person, to which the defendant objected, and the Court sustained his objection. The plaintiff asked the Court to instruct the jury,

*First.* "Unless they believe, from the evidence, that the defendant had, before the commencement of the suit, paid the whole amount of the judgment declared on, with interest and damages, as the defendant has pleaded, they must find for the plaintiff the amount of the judgment and interest;

*Second.* "That the issue for the jury to try is, payment or no payment, in full, and not part payment."

The Court refused to give these instructions, and instructed the jury, at the instance of the defendant, "That if they believe, from the evidence, that Miller bought land from Smith, in payment of the debt claimed in the declaration, and that there was no fraud on

the part of Smith, in such sale, they cannot enquire into Smith's title ; and it makes no difference whether he had title or not."

The errors assigned are,

*First.*   In admitting the testimony offered by the defendant ;

*Second.*   In rejecting the testimony offered by the plaintiff ;

*Third.*   In refusing the instructions asked by the plaintiff ;

*Fourth.*   In giving the instructions asked by the defendant.

The first assignment of error cannot be sustained.   The answers of the witnesses are not given, and the Court cannot decide that the testimony received was illegal. (1)

The second and fourth assignments of error will be considered together.   It is evident, from the offer of the plaintiff to introduce the evidence concerning title, and the instruction of the Court to the jury, that the defence under the plea of payment was, that Miller, the beneficial plaintiff, had purchased land of the defendant, in payment of the judgment sued on, and that the plaintiff wished to defeat this defence, by showing that he had acquired no title by the purchase.   If there had been such sale, without any fraud on the part of Smith, a failure of title could not be set up to avoid the defence.   The contract was executed, and the judgment paid, and the remedy (if any) of the plaintiff was upon the covenants in his deed.   It was also improper, in such case, to show title by parol evidence.   The testimony was, therefore, properly rejected, and the decision of the Court correct in giving the instruction.

It is manifest the Court decided right in refusing the instructions asked by the plaintiff.   They involve the absurd proposition, that although a defendant has pleaded payment, and succeeds in establishing a partial payment of the debt sued on, still he shall not be credited with the amount paid, but be compelled to pay it again. Under this plea, he may, by proving payment in full, defeat a recovery altogether ; and by showing partial payment, he may defeat it *pro tanto*, and he is permitted to do this, on the same principle that the plaintiff may recover less than he claims in his declaration.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*

(1.) Miller *v.* Houck *et al.*, 1 Scam. 501.